UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

MENPER DISTRIBUTORS, INC.

Plaintiff,

       vs.

GERMA PRODUCTS, INC., GERARDO
BARILLAS, BARILLAS HOLDINGS, LLC,
MAIDA E. CHAVECO, and JOHN DOES
ONE THROUGH FIVE,

Defendants.

_____/

## COMPLAINT FOR DAMAGES, TRADEMARK CANCELLATION, AND INJUNCTIVE RELIEF

Plaintiff MENPER DISTRIBUTORS, INC. ("MENPER") sues Defendants,

GERMA PRODUCTS, INC. ("GERMA"), GERARDO BARILLAS ("BARILLAS"),

BARILLAS HOLDINGS, LLC ("BARILLAS HOLDINGS"), MAIDA E. CHAVECO

("CHAVECO"), and JOHN DOES ONE THROUGH FIVE, and avers as follows:

NATURE OF ACTION

1.      This action arises from: (1) Defendants' marketing and sales of

pharmaceutical or related products bearing unlawful reproductions of Plaintiff's

registered and unregistered trademarks and distinctive, unregistered tradedresses; and

(2) Defendant's unfounded claims of superior rights and likelihood of confusion over

Defendant's registered trademark and unregistered tradedress. Counts I through VII

seek relief for trademark and tradedress infringement under sections 43(a) and 32 of

1

the Lanham Act. Count VIII is an action for declaratory judgment of non-infringement of Defendant's registered trademark and unregistered tradedress by Plaintiff. Count IX seeks relief for copyright infringement. Count X seeks relief under Florida's Deceptive and Unfair Trade Practices Act. Count XI seeks relief under the common law of unfair competition. Count XII is an action for cancellation of Defendant's trademark.

PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. Defendant GERMA is a Florida corporation with offices in Miami-Dade County.

4. Upon information and belief, Defendant BARILLAS is an individual who is *sui juris*, a resident of Miami-Dade County, and the owner or a principal shareholder or manager of Defendants GERMA and BARILLAS HOLDINGS.

5. BARILLAS HOLDINGS is the owner of trademark registration No. 3215203. Upon information and belief, BARILLAS HOLDINGS licenses the use of this trademark to GERMA.

6. Upon information and belief, Defendant CHAVECO is an individual who is *sui juris*, a resident of Miami-Dade County, and a director of Defendant GERMA.

7. Upon information and belief, Defendants JOHN DOES ONE THROUGH FIVE are individuals who are *sui juris*, residents of Miami-Dade County, and directors, principals, or main actors in Defendants GERMA or BARILLAS HOLDINGS.

8. Upon information and belief, Defendants BARILLAS, CHAVECO and JOHN DOES ONE THROUGH FIVE have actively partaken in, lent aid to, or ratified and adopted the infringing actions complained of herein, and are therefore joint

2

tortfeasors.

JURISDICTION

9. This Court has Jurisdiction for all Counts in this action for the following reasons:

10. Jurisdiction for the Lanham Act Counts is conferred upon this Court pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

11. Jurisdiction for the copyright infringement claim is conferred upon this Court pursuant to 28 U.S.C. §1338(a).

12. Jurisdiction for the declaratory action is conferred upon this Court pursuant to 28 U.S.C. § 2201(a).

13. Jurisdiction for the trademark cancellation claim is conferred upon this Court pursuant to 15 U.S.C. § 1119.

14. Jurisdiction over the State of Florida common law and statutory counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claim and to the state causes of action.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the unfair competition claims which are joined with the federal trademark claims;

16. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action alleged herein.

17. The causes of action against the Defendants arise from the doing of the following acts:

(i) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

3

CRUZ & RUZ, PLLC

1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

(ii)   Committing a tortious act within this state;

(iii)   Engaging in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, whether or not the claim arises from the activity.

VENUE

18.   Venue lies in this judicial district pursuant to 28 U.S.C § 1391 because:

i)   The claims arise in the Southern District of Florida under 28 U.S.C. §§ 1391(b)(2) and 1391(c); and

ii)   Defendants are doing business in the Southern District of Florida;

GENERAL ALLEGATIONS

19.   MENPER is engaged in interstate and international commerce, specializing in the making of, marketing, and sales of pharmaceutical, health, and beauty products.  Defendants are engaged in the same business and compete with Plaintiff.

BARILLAS', CHAVECO'S AND GERMA'S BACKGROUND

20.   In 1984, BARILLAS was employed by Farma Services Inc. ("FARMA"), a Florida Corporation.  Mr. Alberto Perez ("PEREZ") was president and owner of FARMA at all relevant times and was and continues to be president of MENPER.  FARMA sold MENPER products in the greater Miami Area.  After FARMA was sold to new owners, BARILLAS continued as an employee of the new owners, which remained as distributors of MENPER'S products, until on or about 1988.  At that time BARILLAS was employed for a few months by PEREZ at Sweetwater Pharmacy in the city of Sweetwater, Florida. In 1990, a company styled Caribe Naturals LLC was established by CHAVECO, a BARILLAS associate, and they were distributors of Menper products until 2007. During these years, in their relationship with MENPER through FARMA,

Sweetwater Pharmacy, and Caribe Naturals, BARILLAS and CHAVECO acquired knowledge of PEREZ's and MENPER'S products and their confidential business methodology.

21.     On or about July 2002 BARILLAS incorporated GERMA and was its sole officer and director.  CHAVECO has been an officer and director of GERMA since January 2004.

22.     Since GERMA's inception, it has manufactured, marketed and sold a number of products designed to compete specifically and directly with MENPER's products.  Many of these products violate the word marks or tradedresses of MENPER's products.

23.     GERMA's acts of trademark infringement, unfair competition, copyright infringement and unfair and deceptive trade practices have been willful and with full knowledge of MENPER's superior rights.

24.     Despite its serial infringement of MENPER's trademark rights, GERMA has sent demands to MENPER to cease and desist using a particular tradedress in connection with the sales of a product called BALSAMO DE UBRE MASCURA and the use of the word UBRE, claiming superior rights due to GERMA's registration of the trademark MANTECA UBRE PLUS and senior use of the tradedress at issue.

THE RABANO YODADO TRADEMARK

25.     Since the year 1977, MENPER has expended substantial sums of money to develop and promote a dietary supplement bearing the trademark RABANO YODADO, which it has widely marketed and sold throughout the United States.

26.     On September 9, 2003, MENPER applied for registration of its trademark RABANO YODADO at the United States Patent and Trademark Office.

27.     On August 24, 2004, the USPTO granted MENPER a registration in the Principal Register for RABANO YODADO for dietary supplements in International Class 05.  Ex. A.

28.     The above-referenced registration is valid and subsisting and achieved incontestable status on September 14, 2009.

29.     MENPER continues to use the RABANO YODADO mark in commerce and has never abandoned it.

30.     MENPER's adoption and use of the RABANO YODADO mark is prior and superior to Defendants'.

31.     DEFENDANTS have infringed MENPER's registered and incontestable mark RABANO YODADO by manufacturing, marketing and selling products bearing the designations YODOTANICO 2 EN 1 RABANO YODADO and YODOTANICO 2 EN 1 CON RABANO.

### THE RABANO YODADO TRADEDRESS

32.     Since at least the year 1972, MENPER has expended substantial sums of money to develop and promote its RABANO YODADO nutritional supplement, bearing a specific yellow, green and red product packaging tradedress together with a picture of a bundle of radishes with green leaves, which it has widely marketed and sold throughout the United States in 237 milliliter bottles.

33.     This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

34.     MENPER continues to use the RABANO YODADO tradedress in commerce and has never abandoned it.

35.     MENPER's adoption and use of the RABANO YODADO mark is prior and

superior to Defendants'.

36.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the RABANO YODADO designation by manufacturing, marketing and selling a dietary supplement bearing the designation YODOTANICO 2 EN 1 RABANO YODADO or YODOTANICO 2 EN 1 CON RABANO in identical 240-millilier bottles using green, yellow, red and white colors similar to those used by MENPER and a similar bundle of red radishes with leaves, as well as a box incorporating the same tradedress elements of exactly the same dimensions as MENPER's box.

37.     A side-by side comparison of the competing tradedresses is shown in the pictures below.

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011



CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011



38.     DEFENDANTS' actions are likely to cause confusion or to cause mistake,

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial activities by MENPER.

THE IODO TANICO TRADEMARK

39.     Since at least the year 1972 MENPER has expended substantial sums of money to develop and promote a dietary supplement bearing the trademark DUPASQUIER JARABE IODO TANICO, which it has widely marketed and sold throughout the United States.

40.     This trademark is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

41.     MENPER continues to use the DUPASQUIER JARABE IODO TANICO mark in commerce and has never abandoned it.

42.     MENPER's adoption and use of the IODO TANICO trademark is prior and superior to Defendants'.

43.     DEFENDANTS have infringed MENPER's unregistered designation DUPASQUIER JARABE IODO TANICO by manufacturing, marketing and selling products bearing the confusingly similar designation YODOTANICO 2 EN 1 RABANO YODADO and YODOTANICO 2 EN 1 CON RABANO.  Below is a picture of the DUPASQUIER JARABE IODO TANICO tradedress.  Defendants' infringing tradedresses are shown above between paragraphs 37 and 38.

10



THE MASTITI TRADEDRESS

44.     Since as early as December 1, 2008, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), dark brown cream formulated to help maintain healthy-looking skin and bearing a specific white and blue tradedress together with a picture of a cow and the designation POMADA DE LA VACA MASTITI, which it has widely marketed and sold throughout the United States in 56.7-gram bottles.

45.     This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

46.     MENPER continues to use the MASTITI tradedress in commerce and has never abandoned it.

47.     MENPER's adoption and use of the MASTITI tradedress is prior and superior to Defendants'.

48.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the MASTITI designation by manufacturing, marketing and selling a dark brown cream bearing the designation UBRE MASTITIS in almost identical 60-gram bottles using the same white and blue colors as MENPER.

49.     DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial activities by MENPER.  Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.



THE HIELO TRADEDRESS

50.    Since as early as February 15, 2002, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), blue gel formulated to provide temporary relief of minor aches and pains of muscles and joints associated with simple backaches, arthritis, strains, bruises and sprains, and bearing a specific white and blue tradedress together with a picture of an ice-covered mountain and the designation HIELO ARDIENTE ("burning ice"), a trademark registered on August 29, 2002 in the State of Florida (Doc. No. T02000001019), which it has widely marketed and sold throughout the United States in small bottles.

51.    This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

52.    MENPER continues to use the HIELO tradedress in commerce and has

never abandoned it.

53.     MENPER's adoption and use of the HIELO tradedress is prior and superior to Defendants'.

54.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the HIELO designation by manufacturing, marketing and selling a dark blue gel purportedly for "temporary relief of minor aches and pains in muscles and joints associated with simple backaches, strains, sprains, arthritis and sports injuries," and bearing the designation ARTIC ICE GEL in small bottles using the same white and blue colors as MENPER.  Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.



55.     DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

activities by MENPER.

THE MALT EXTRACT TRADEDRESS

56.     Since the year 1988, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), dietary supplement bearing a specific white and brown tradedress together with the legends FORTIFIED and NEW FORMULA and the designation MALT EXTRACT WITH HEMOGLOBIN, which it has widely marketed and sold throughout the United States in 480 milliliter bottles.

57.     This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

58.     MENPER continues to use the MALT EXTRACT tradedress in commerce and has never abandoned it.

59.     MENPER's adoption and use of the MALT EXTRACT tradedress is prior and superior to Defendants'.

60.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the MALT EXTRACT WITH HEMOGLOBIN designation by manufacturing, marketing and selling a dietary supplement bearing the designation EXTRACTO DE MALTA ("MALT EXTRACT" in Spanish) and the legends NEW FORMULA and REFORZADA ("FORTIFIED" in Spanish) in 473 milliliter bottles using white and brown colors similar to MENPER's product.  Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011



61. DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

activities by MENPER.

THE MALTAGLOBIN B-12 MALT EXTRACT TRADEDRESS

62.     Since the year 1988, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), dietary supplement bearing a specific white and brown tradedress together with the legends MALT EXTRACT WITH HEMOGLOBIN AND B-12 and DIETARY SUPPLEMENT EXTRACT FROM THE GERMINATED MALT GRAIN, and the designation MALTAGLOBIN B-12, which it has widely marketed and sold throughout the United States in 240 milliliter bottles.

63.     This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

64.     MENPER continues to use the MALTAGLOBIN B-12 tradedress in commerce and has never abandoned it.

65.     MENPER's adoption and use of the MALTAGLOBIN B-12 tradedress is prior and superior to Defendants'.

66.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the MALTAGLOBIN B-12 designation by manufacturing, marketing and selling a dietary supplement bearing the designation MALT EXTRACT WITH VITAMINS REINFORCED BY B-12 and the legends DIETARY SUPPLEMENT and THIS FORMULA CONTAINS THE NUTRITIONAL ELEMENTS OF MALT EXTRACT WITH VITAMIN B-12 in identical 240 milliliter bottles using white and brown colors similar to MENPER's product both in the bottles and the boxes.  Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.



67.    DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial activities by MENPER.

THE "OINTMENT IODADO" TRADEDRESS NO. 1

68.    Since as early as December 22, 2003, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), brown-colored anti-bacterial ointment bearing a specific white and green tradedress together with the legends REGULAR and FOR EXTERNAL USE ONLY and the designations OINTMENT IODADO and UNGUENTO ("OINTMENT" in Spanish) IODADO, which it has widely marketed and sold throughout the United States in 28.35-gram bottles.

69.    This tradedress is distinctive or has acquired secondary meaning inuring

18

to the benefit of MENPER.

70.     MENPER continues to use the OINTMENT IODADO tradedress in commerce and has never abandoned it.

71.     MENPER's adoption and use of the OINTMENT IODADO tradedress is prior and superior to Defendants'.

72.     DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the OINTMENT IODADO designation by manufacturing, marketing and selling a topical antiseptic bearing the designations POMADE IDODINEX and POMADA ("OINTMENT" in Spanish) IODADA and the legends REGULAR and FOR EXTERNAL USE ONLY in 28.35 milliliter bottles identical to MENPER's, containing a similar brown substance, and using, white and green colors similar to MENPER's both in the bottles and the boxes.  Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.

19



20

73. DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial activities by MENPER.

THE "OINTMENT IODADO" TRADEDRESS NO. 2

74. Since as early as December 22, 2003, MENPER has expended substantial sums of money to develop and promote an over the counter ("OTC"), brown-colored anti-bacterial ointment bearing a specific white, red and brown tradedress together with the legends WITH METHYL SALICYLATE, ANTI-BACTERIAL, PAIN RELIEVER, and FOR EXTERNAL USE ONLY and the designations UNGUENTO IODADO and OINTMENT IODADO, which it has widely marketed and sold throughout the United States in 28.35-gram bottles.

75. This tradedress is distinctive or has acquired secondary meaning inuring to the benefit of MENPER.

76. MENPER continues to use the OINTMENT IODADO tradedress in commerce and has never abandoned it.

77. MENPER's adoption and use of the OINTMENT IODADO tradedress is prior and superior to Defendants'.

78. DEFENDANTS have infringed MENPER's unregistered tradedress accompanying the OINTMENT IODADO designations by manufacturing, marketing and selling a topical antiseptic bearing the designations POMADA ("OINTMENT" in Spanish) IODADA and POMADE IODINEX and the legends WITH METHYL SALICYLATE, RELIEVES LOCAL PAINS AND ACHES and FOR EXTERNAL USE ONLY in 28.35 milliliter bottles identical to MENPER', containing a similar brown

21

substance,  and using red, white and brown colors similar to MENPER's both in the

bottles and the boxes.  Below are pictures of the competing tradedresses, with

MENPER'S on the left, and Defendants' on the right.



CRUZ & RUZ, PLLC

1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011



79.    DEFENDANTS' actions are likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of GERMA with MENPER, or as to the origin, sponsorship or approval of GERMA's products or commercial activities by MENPER.

THE "BALSAMO DE UBRE MASCURA" TRADEDRESS AND TRADEMARK

80.    MENPER manufactures, markets and sells a product formulated for "temporary relief of minor aches and pains of muscles and joints associated with simple backache, arthritis, strains and sprains," and sold in three-ounce silver cans bearing the common law trademark BALSAMO DE UBRE MASCURA, the legends EXTRA STRENGTH FORMULA and ANALGESIC OINTMENT and a label consisting of a realistic picture of a cow in an open green pasture with a rising sun in the background, all within a matte yellow circle.

23

81. GERMA manufactures, markets and sells a product formulated for "the temporary relief of muscular pains, backaches, arthritis and sprains," and sold in three-ounce dark brown cans bearing the registered trademarks GERMA and MANTECA UBRE PLUS, the legend GM and a label consisting of a dark brown rectangle underlined by four dark brown lines and an abstract rendering of a cow on a background consisting of a bright yellow circle.

82. The word UBRE means UDDER in Spanish and is a generic or merely descriptive term in the instant context.

83. GERMA, through legal counsel, has demanded that MENPER stop using the term UBRE and that MENPER modify its tradedress because these elements allegedly infringe GERMA's rights. Below are pictures of the competing tradedresses, with MENPER'S on the left, and Defendants' on the right.



### COUNT I - VIOLATION OF SECTION 32 THE LANHAM ACT
("RABANO YODADO" TRADEMARK INFRINGEMENT)

(Against all Defendants)

84.     MENPER reavers paragraphs 1 through 83, and further avers:

85.     MENPER is the owner of United States Trademark Registration No. 2,877,662 for RABANO YODADO registered in the Principal Register on August 24, 2004, for dietary supplements in International Class 5.  A copy of the registration is attached hereto as Exhibit A. This registration is now valid, subsisting, uncancelled, unrevoked and incontestable. Ex. B.

86.     Continuously since on or about May 1977, MENPER has used its RABANO YODADO trademark in connection with and to identify its nutritional supplements and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said trademark on the labels, boxes, and other packaging of the products and advertising and promotional materials distributed throughout the United States. MENPER's products sold under the RABANO YODADO trademark and brand name are provided nationwide, including in the State of Florida.

87.     In addition, as of the date of the filing of this complaint, MENPER is actively engaged in expanding its use of the RABANO YODADO trademark in connection with nutritional supplements in interstate commerce throughout the United States, including in the State of Florida.

88.     Defendants have infringed MENPER's trademark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising "dietary supplements" under the names YODOTANICO 2 EN 1 RABANO YODADO and YODOTANICO 2 EN 1 CON RABANO (the "Infringing Marks)" of a type virtually identical to the type of products offered by MENPER, prominently displaying,

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

advertising, and promoting dietary supplements under the Infringing Marks.

89.     Defendants' use of the Infringing Marks in connection with dietary supplements is without permission or authority of MENPER and said use is likely to cause confusion, to cause mistake and/or to deceive.

90.     Defendants' use of the Infringing Marks in connection with dietary supplements have been made notwithstanding MENPER's well-known and prior established rights in the trademark and with both actual and constructive notice of MENPER's federal registration rights under 15 U.S.C. § 1072.

91.     Defendants' use of the Infringing Marks has been willful and in bad faith.

92.     Defendants' use of the RABANO YODADO trademark constitutes trademark counterfeiting as defined in 15 U.S.C. 1116(d).

93.     Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered trademark.

94.     Plaintiff has no adequate remedy at law.


### COUNT II - VIOLATION OF SECTION 43(A) THE LANHAM ACT
("DUPASQUIER JARABE IODOTANICO" TRADEMARK INFRINGEMENT)
(Against all Defendants)

95.     MENPER reavers paragraphs 1 through 83, and further avers::

96.     MENPER's DUPASQUIER JARABE IODOTANICO trademark is entitled to protection under Section 43(a) of the Lanham Act.

97.     Defendants' subsequent adaptation, use and promotion of the

DUPASQUIER JARABE IODOTANICO trademark to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

98.    GERMA's use of the accused trademark constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

99.    Plaintiff believes that it has or is likely to be damaged by Defendants' use of its mark and will suffer irreparable harm.

100.    Plaintiff has no adequate remedy at law.

### COUNT III - VIOLATION OF SECTION 43(A) THE LANHAM ACT
(HIELO TRADEDRESS INFRINGEMENT)
(Against all Defendants)

101.    MENPER reavers paragraphs 1 through 83, and further avers:

102.    Plaintiff's HIELO tradedress is entitled to protection under Section 43(a) of the Lanham Act.

103.    Defendants' subsequent adaptation, use and promotion of the HIELO tradedress to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

104.    GERMA's use of the accused tradedress constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

105.    MENPER believes that it has or is likely to be damaged by Defendants'

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

use of its mark and will suffer irreparable harm.

106.   Plaintiff has no adequate remedy at law.

## COUNT IV - VIOLATION OF SECTION 43(A) THE LANHAM ACT
### (MALT EXTRACT TRADEDRESS INFRINGEMENT)
### (Against all Defendants)

107.   MENPER reavers paragraphs 1 through 83, and further avers:

108.   MENPER's MALT EXTRACT tradedress is entitled to protection under Section 43(a) of the Lanham Act.

109.   Defendants' subsequent adaptation, use and promotion of the MALT EXTRACT tradedress to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

110.   GERMA's use of the accused tradedress constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

111.   MENPER believes that it has or is likely to be damaged by Defendants' use of its mark and will suffer irreparable harm.

112.   Plaintiff has no adequate remedy at law.

## COUNT V - VIOLATION OF SECTION 43(A) THE LANHAM ACT
### (MALTAGLOBIN B-12 MALT EXTRACT TRADEDRESS INFRINGEMENT)
### (Against all Defendants)

113.   MENPER reavers paragraphs 1 through 83, and further avers:

114.   MENPER's MALTAGLOBIN B-12 MALT EXTRACT tradedress is entitled

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

to protection under Section 43(a) of the Lanham Act.

115. Defendants' subsequent adaptation, use and promotion of the MALTAGLOBIN B-12 MALT EXTRACT tradedress to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

116. GERMA's use of the accused tradedress constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

117. MENPER believes that it has or is likely to be damaged by Defendants' use of its mark and will suffer irreparable harm.

118. Plaintiff has no adequate remedy at law.

## COUNT V - VIOLATION OF SECTION 43(A) THE LANHAM ACT
(INFRINGEMENT OF OINTMENT IODADO TRADEDRESS NO. 1)
(Against all Defendants)

119. MENPER reavers paragraphs 1 through 83, and further avers:

120. MENPER's OINTMENT IODADO TRADEDRESS NO. 1 is entitled to protection under Section 43(a) of the Lanham Act.

121. Defendants' subsequent adaptation, use and promotion of the OINTMENT IODADO TRADEDRESS NO. 1 to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

122. GERMA's use of the accused tradedress constitutes a false description of

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

123.   MENPER believes that it has or is likely to be damaged by Defendants' use of its mark and will suffer irreparable harm.

124.   Plaintiff has no adequate remedy at law.

### COUNT VI - VIOLATION OF SECTION 43(A) THE LANHAM ACT
(INFRINGEMENT OF OINTMENT IODADO TRADEDRESS NO. 2)
(Against all Defendants)

125.   MENPER reavers paragraphs 1 through 83, and further avers:

126.   MENPER's OINTMENT IODADO TRADEDRESS NO. 2 is entitled to protection under Section 43(a) of the Lanham Act.

127.   Defendants' subsequent adaptation, use and promotion of the OINTMENT IODADO TRADEDRESS NO. 2 to identify GERMA's products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of MENPER with GERMA, or as to the origin, sponsorship or approval by MENPER of GERMA's products.

128.   GERMA's use of the accused tradedress constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

129.   MENPER believes that it has or is likely to be damaged by Defendants' use of its mark and will suffer irreparable harm.

130.   Plaintiff has no adequate remedy at law.

### COUNT VII - ACTION FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT
(Against BARILLAS HOLDINGS)

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

131.    MENPER reavers paragraphs 1 through 83, and further avers:

132.    MENPER is in doubt about its right to use the Defendants' common BALSAMO DE UBRE MASCURA trademark and its associated tradedress.

133.    There is a real and substantial controversy, justiciable in character, touching the legal relations of the parties.

134.    The parties have adverse legal interests, which admit of specific relief through a decree conclusive in character.

135.    Plaintiff seeks a declaration of non-infringing.

### COUNT IX – COPYRIGHT INFRINGEMENT
(Against all Defendants)

136.    Plaintiff reavers paragraphs 1 through 83, and further avers:

137.    On May 28, 2002, MENPER registered "RABANO YODADO" (the "Work") with the Register of Copyrights.  Evidence of registration, number VA0001194262, from the Copyright Office is attached hereto as Exhibit C.

138.    On May 2002, MENPER released and began distributing directly to the public the "RABANO YODADO" work.

139.    At all times relevant hereto, MENPER has been and still is the owner and proprietor of all right, title and interest in and to the Work.

140.    RABANO YODADO contains material wholly original with MENPER and is copyrightable subject matter under the copyright laws of the United States.

141.    With full knowledge of MENPER's rights herein, Defendants have infringed and continue to infringe MENPER's copyright by creating substantially similar

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

copies and distributing said copies throughout the United States. Such copying was done by Defendant without the consent, approval or license of MENPER.

142.   Defendants' products contain substantially similar copies of MENPER's Work.

143.   Defendant's acts as aforesaid violate MENPER's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement of its copyright. Defendants' past and continuing copying and distribution of substantially similar copies of the Work constitutes a willful and deliberate infringement of MENPER's copyright and is causing irreparable harm and damage to Plaintiff.

## COUNT X - VIOLATION OF FLORIDA
## DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(Against all Defendants)

144.   MENPER reavers Paragraphs 1 through 83 above, and further avers:

145.   This is an action for damages and declaratory and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, Section 501.204 et seq. of the Florida Statutes.

146.   Defendants have used unfair methods of competition and engaged in unfair and deceptive acts in trade or commerce by capitalizing upon Plaintiff's trademarks and tradedresses to promote GERMA's products and services in its marketing and sales and thereby violated the Florida Deceptive and Unfair Trade Practices Act.

147.   Among other things, Defendants' business practices have created deception, confusion or mistake on the part of the public.

32

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

148.    As a consequence of Defendants' actions, MENPER has been aggrieved.

149.    Defendants BARILLAS and CHAVECO are liable for GERMA's acts under principles of respondeat superior.

## COUNT XI - UNFAIR COMPETITION
### (Against all Defendants)

150.    Plaintiff reavers Paragraphs 1 through 83 above, and further avers:

151.    This is a common law unfair competition action for damages and injunctive relief.

152.    MENPER is the prior user of the trademarks and tradedresses listed above.

153.    MENPER's trademark RABANO YODADO is incontestable.  MENPER's other trademarks and tradedresses are inherently distinctive or have acquired secondary meaning.

154.    Defendants are using confusingly similar trademarks and tradedresses to identify similar goods marketed by GERMA in competition with MENPER in the same trade area where Plaintiff has established good will.

155.    As a result of Defendants' actions, costumer confusion is likely as to the source or sponsorship of defendant's goods.

## COUNT XII – CANCELLATION OF MANTECA UBRE PLUS TRADEMARK
### (Against BARILLAS HOLDINGS)

156.    MENPER reavers Paragraphs 1 through 83 above, and further avers:

157.    MENPER believes that it is being damaged by Registration No. 3215203 and hereby petitions to cancel it on the following grounds:

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

158.    Upon information and belief, Registrant, BARILLAS HOLDINGS, a corporation organized and existing under the laws of the state of Florida, is the owner of United States Trademark Registration No. 3215203 for UBRE PLUS MANTECA for "topical analgesic preparations for the treatment of muscular aches and pains" in International Class 05.

159.    Registrant claims a date of first use of the mark on July 1, 2004.

160.    MENPER is the owner of the common law trademark BALSAMO DE UBRE MASCURA.

161.    MENPER's trademark is used in connection with a product formulated for "temporary relief of minor aches and pains of muscles and joints associated with simple backache, arthritis, strains and sprains."

162.    MENPER's trademark and tradedress are not likely to be confused with Defendant's, but the continued existence of its registration casts a cloud upon Petitioner's right to continue to use and to expand the use of its trademark.  In addition, Registrant forwarded sent cease and desist demands to MENPER regarding the use of its mark.

163.    BARILLAS HOLDINGS's use of its trademark has been unlawful from the beginning because of numerous and fatal labeling violations of the Food and Drug Administration rules and Code of Federal Regulations.  As such, the products bearing the trademark have been and continue to be misbranded and are deceptive and dangerous.  These violations include:

(A) On the Principal Display Panel, the USE is not listed, contrary to guidance documents promulgated by the FDA.  In addition, the USE (PAIN RELIEVER in

34

CRUZ & RUZ, PLLC

this case) would be required in this Panel because the product is identified as a drug in the back panel, due to the Drug Fact format claiming drug properties, including claims and indications of the product being a pain reliever. Therefore, the product is not a cosmetic but an OTC drug in violation of the existing regulations, without mentioning it in the front panel.

(B) The Labeling does not follow the Drug Facts Format required pursuant to 21 CFR 201.66.

(C) The listed active ingredients do not comply with proposed federal regulations (Federal Register Vol. 44, No. 234, December 4, 1979, 21 CFR Part 348 EXTERNAL ANALGESIC PRODUCTS FOR OVER-THE-COUNTER HUMAN USE).

(D)  In the product's irregular drug information format, Defendants claim Eucalyptus Oil is an analgesic, but Eucalyptus Oil is not considered an analgesic under the relevant CFRs.  If it were, it would have to be listed as a topical analgesic pursuant to 21 CFR 348 Subpart B(a), but it is not.

(E) The ingredients for TOPICAL ANTIMICROBIAL DRUG PRODUCTS FOR OVER-THE-COUNTER HUMAN USE are not listed, in violation of Federal Register Vol. 56. No 140, July 22, 1991, 21 CFR Part 333.

(F) The Tea Tree Oil listed on the label is not a recognized first aid antiseptic active ingredient under 21 CFR 333.10.

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

(G) The label does not have any statement of indications or uses required by 21 CFR 333.50.

(H) The label does not provide the required warnings pursuant to Federal Register Vol.44, No. 234, December 4, 1979, 21 CFR Part 348:  EXTERNAL ANALGESIC PRODUCTS FOR OVER-THE-COUNTER HUMAN USE.

*(I)* The following warnings are missing from the label, contrary to 21 CRF 348.50 (c) (1): *(i) Avoid Contact with the eyes; (ii) If condition worsens, or if symptoms persist for more than 7 days, discontinue use of this product and consult a physician.*

(J) The following warnings are missing from the label, contrary to 348.50 (c) (2): (i) *Do not apply to wounds or damaged skin; (ii) Do not bandage*.

(K) The label does not provide the required warnings pursuant to Federal Register Vol. 56. No 140, July 22, 1991, 21 CFR Part 333 TOPICAL.

*(L)* The following warnings are missing from the label, contrary to 333.50 (c*): (i) Do not use in the eyes or apply over large areas of the body.  In case of deep or puncture wounds, animal bites, or serious burns, consult a doctor; (ii) Stop use and consult a doctor if the condition persists or gets worse.  Do not use longer than 1 week unless directed by a doctor.*

(M) The following directions are missing from the label, contrary to 21 CFR 333.50 (d*): (i) Clean the affected area*.

*(N)* The label does not contain the pregnancy and breastfeeding warning required

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

by 21 CFR 201.63(a):  **If pregnant or breastfeeding**, *ask a health professional before use.*

(O) The label does not contain the accidental ingestion warning required by 21 CFR 330.1(g):  *If swallowed, get medical help or contact a Poison Control Center right away.*

(P) The label does not contain the contact information required by 21 CFR 201.66 (c) (9): *"Questions?" or "Questions or comments?" followed by the telephone number of a source to answer questions about the product.  It is recommended that the days of the week and times of the day when a person is available to respond to questions also be included.  A graphic of a telephone or telephone receiver may appear before the heading.  The telephone number must appear in a minimum 6-point bold type.*

(Q) The label does not properly identify the color under the inactive ingredients, but merely states "FD&C Color," so it cannot be identified as an accepted color by the FDA and/or recognized by a consumer as a color that could produce an allergic reaction.

(R) Upon information and belief, BARILLAS HOLDINGS has not conducted the stability studies required by FDA regulations.

(S) The product label fails to list required warnings concerning an OTC analgesic product, which could threaten the health of purchasers.

(T) Upon information and belief, the claimed four-year expiration date of the product

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

is not based on the required stability study and lacks any scientific basis,

therefore putting the health of consumers at risk.

156. BARILLAS HOLDINGS' and GERMA's unlawful use of their trademark does

not support the registration or continued validity thereof and the mark must therefore be

cancelled.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

> (A)  A declaration of non-infringement of GERMA's trademark MANTECA UBRE PLUS and its associated tradedress by MENPER.
>
> (B)  A declaration of infringement of MENPER's trademarks, tradedresses and copyright as set forth herein.
>
> (C)  Cancellation of the trademark MANTECA UBRE PLUS.
>
> (D)  That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:
>
> (1) Using the designations RABANO YODADO, RABANO, IODO TANICO or any other designation similar to Plaintiff's trademarks;
>
> (2) Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by or are in any way associated with Plaintiff;
>
> (3)  Using the accused tradedresses or any other tradedress likely to cause confusion, to cause mistake, or to deceive;
>
> (4)  Using any graphic work substantially similar to MENPER's

CRUZ & RUZ, PLLC
1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

copyrighted "Rabano Yodado" Work.

(5)     Unfairly competing with Plaintiff;

(6)     Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff; and

(E) That Defendants be required to account to Plaintiff for any profits derived by them and for damages sustained by Plaintiff by reason of the acts of trademark infringement, tradedress infringement, unfair competition and copyright infringement complained of herein.

(F)     That judgment be entered against Defendants for

(1) Three times the greater of profits or damages pursuant to 15 U.S.C. 1117(b), or enhanced damages and Defendants' profits pursuant to the Lanham Act for their willful infringement of Plaintiff's marks and/or actual, statutory or  enhanced damages for their copyright infringement pursuant to 17 U.S.C. §504; and

(2) That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorneys' fees.

(3) That infringing articles or products be impounded and destroyed.

(3)  That this Court grant to Plaintiff any further relief deemed equitable and just.

Dated:  May 17, 2011

Respectfully submitted,

39

CRUZ & RUZ, PLLC

1560 LENOX AVENUE, SUITE 207, MIAMI BEACH, FL 33139 • TELEPHONE (305) 604-2051 • FACSIMILE (305) 604-2011

CRUZ & RUZ, PLLC
1560 Lenox Ave., Suite 207
Miami Beach, Florida 33139
Telephone: 305.604.2051
Fax: 305.604.2011

By: /s/ Amaury Cruz, Esq.
Florida Bar No. 898244
lex@lexarian.com

and

/s/ Rick Ruz, Esq.
Florida Bar No. 42090
rickruz@lexarian.com

40