UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

**MENPER DISTRIBUTORS, INC.**,

    Plaintiff,

vs.

**GERMA PRODUCTS, INC.**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants, Gerardo Barillas ("Barillas"), and Maida E. Chaveco ("Chaveco['s]") Motion to Dismiss (the "Individual Motion") [ECF No. 19], filed June 29, 2011; and Defendants, Germa Products, Inc. ("Germa"), Barillas, Barillas Holdings, LLC ("Barillas LLC"), Chaveco, and John Does One through Five's Motion to Dismiss Count XII of Plaintiff's Complaint (the "Partial Motion") [ECF No. 20], filed separately on June 29, 2011. The Court has carefully reviewed the parties' written submissions and applicable law.

### I. BACKGROUND

Plaintiff, Menper Distributors, Inc. ("Menper"), is in the business of making, marketing, and selling pharmaceutical, health, and beauty products. (*See* Compl. ¶ 19 [ECF No. 1]). Defendants are engaged in the same business and compete with Menper. (*See id.*). As a result of their working relationships with companies having associations with Menper, Barillas and Chaveco acquired knowledge of Menper's products and confidential business methodology. (*See id.* ¶ 20).

In July 2002, Barillas incorporated Germa and, for a time, was its sole officer and director; then, in January 2004, Chaveco became an officer and director of Germa. (*See id.* ¶ 21). Germa

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

manufactures, markets and sells a number of products that compete directly with Menper's products, violating the word marks or tradedresses of several Menper products. (*See id.* ¶ 22). Despite its infringement of Menper's trademark rights, Germa has sent demands to Menper to cease and desist using a particular tradedress in connection with sales of *Balsamo de Ubre Mascura* and use of the word *Ubre*, claiming superior rights to Germa's registration of the mark and senior use of the tradedress at issue. (*See id.* ¶ 24).

The Complaint states 12 claims for relief. The only ones at issue in the present Motions are the claims stated against Barillas and Chaveco, individually, and Count XII, entitled, "Cancellation of Manteca Ubre Plus Trademark." (*Id.* 33).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.").

Additionally, Federal Rule of Civil Procedure Rule 9(b) requires that a plaintiff plead material misrepresentations or omissions with particularity. The particularity rule alerts defendants to their precise misconduct and protects defendants against baseless charges of fraudulent behavior. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988).

### III. ANALYSIS

#### A.    Individual Liability

Barillas and Chaveco are named in the following counts of the Complaint: "Count I - Violation of Section 32 The Lanham Act" (Compl. 24); Counts II through VI, each alleging violations of Section 43(A) of the Lanham Act for different trademarks and tradedresses (*see id.* 26-31); "Count IX[1] - Copyright Infringement" (*id.* 31); "Count X - Violation of Florida Deceptive and Unfair Trade Practices Act" (*id.* 32); and "Count XI - Unfair Competition" (*id.* 33). Barillas and

---

[1] The Complaint refers to two counts as "Count V" and skips over a count "VIII."

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

Chaveco argue in their Individual Motion that they should be dismissed from the suit because the "conclusory allegations" of the Complaint fail to state a claim of individual liability. (Indiv. Mot. 2). Specifically, they assert that because the Complaint fails to allege they were the "moving force" in the "decision" to engage in the alleged infringing and wrongful acts, or that they caused "infringement as a whole," they should be dismissed "with prejudice." (*Id.* 3).

These arguments fail. The Complaint specifically alleges that Barillas and Chaveco "have actively partaken in, lent aid to, or ratified and adopted the infringing actions complained of . . . and are therefore joint tortfeasors." (Compl. ¶ 8). Menper describes how it is that Barillas and Chaveco "acquired knowledge of . . . Menper's products and . . . confidential business methodology." (*Id.* ¶ 20). Barillas and Chaveco are officers and directors of Germa. (*See id.* ¶ 21). After establishing these individual Defendants' background, knowledge, and positions, the Complaint details the several tradedresses Defendants have infringed by manufacturing, marketing, and selling products that are confusingly similar.

With regard to Barillas's and Chaveco's personal liability, "[i]f an individual actively and knowingly caused the trademark infringement, he is personally responsible." *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991). Hence, where the corporate officer "directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, [he or she] is personally liable for such infringement without regard to piercing of the corporate veil." *Babbit Elec., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (citation omitted). Given the allegations of Menper's Complaint, which are accepted as true, Barillas and Chaveco are properly named as Defendants because they actively and knowingly caused the infringement, and as corporate

4

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

officers, directed and participated in the infringing activity.

As a general observation, the Court notes that, in their Individual Motion, Barillas and Chaveco address the 12 counts of the Complaint in a cursory fashion. They argue, without citation to any authority or analysis, that the Complaint fails to allege with specificity what it is they did to be liable in all 12 counts.[2] In their Reply [ECF No. 36], Defendants attempt to make concrete arguments relating to some of the counts, for instance by pointing out that the Complaint does not allege what actions they took to make them personally liable under the FDUTPA or for unfair competition. Nonetheless, they cite to no law and do not provide any legal argument addressing the sufficiency of the non-Lanham Act claims. As the court noted in *Rux v. Republic of Sudan*, "a moving paper makes a *specific request for relief* of some sort . . . [a] memorandum of law in support, on the other hand, supplies the *reasons* why the moving party is entitled to that relief." No. Civ.A. 2:04CV428, 2005 WL 2086202, at * 14 (E.D. Va. Aug. 26, 2005) (emphasis in original). In the absence of any meaningful legal analysis regarding the sufficiency of the remaining claims stated against these Defendants, the Individual Motion fails to persuade.

**B.    Count XII**

Defendants, including Barillas and Chaveco,[3] assert Count XII, entitled "Cancellation of

---

[2] Counts VI and XII do not purport to state claims against Barillas and Chaveco.

[3] Federal Rule of Civil Procedure 12(g)(2) reads:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Because Barillas and Chaveco earlier filed the Individual Motion, their joinder in the Partial Motion violates Rule 12(g)(2). Moreover, these Defendants are not named in Count XII.

5

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

Manteca Ubre Plus Trademark (Against Barillas Holdings)" (Compl. 33), should be dismissed because it seeks to state a private cause of action against Barillas LLC for Defendants' failure to comply with various regulations of the Food and Drug Administration ("FDA"). (*See* Partial Mot. 1). Defendants maintain the Food Drug Cosmetics Act, 21 U.S.C. § 337(a), prohibits private enforcement of alleged violation claims. (*See id.* 2). Defendants misread Count XII.

In Count XII, Menper alleges (1) it is being damaged by Barillas LLC's trademark registration for *Ubre Plus Manteca*, (2) Barillas LLC's use of its trademark has been unlawful because of numerous labeling violations of FDA rules and regulations, and (3) such unlawful use by Barillas LLC and Germa of the trademark does not support the continued validity of the trademark. (*See* Compl. 33–38). Menper thus seeks an order cancelling the mark. (*See id.* ¶ 156). Rather than state a private cause of action for enforcement of FDA rules and regulations, Count XII seeks cancellation of Barillas LLC's mark pursuant to section 37 of the Lanham Act, 15 U.S.C. § 1119,[4] which gives courts authority to cancel a trademark registration. "'The net effect of § 37 is to give the courts concurrent power with the Patent and Trademark Office to conduct cancellation proceedings. Thus, a registration may be collaterally attacked in any civil action where validity of the mark is in issue.'" *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 464 (E.D.N.Y. 2008) (quoting 5 J. MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:109 (4th ed. 2008)).

"In order to prosecute successfully a petition for cancellation, petitioner must prove: (1) That

---

[4] "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119

CASE NO. 11-21792-CIV-ALTONAGA/Simonton

it has standing to petition for cancellation because it is likely to be damaged, and (2) that there are valid grounds for discontinuing registration." *Coach House Restaurant, Inc. v. Coach and Six Restaurants, Inc.*, 934 F.2d 1551, 1557 (11th Cir. 1991); *see also Mystique, Inc. v. 138 Intern., Inc.*, 601 F. Supp. 2d 1320, 1323 (S.D. Fla. 2009). Menper has standing; indeed, Defendants do not challenge Count XII on this ground. As to the second element for cancellation of a mark, Menper argues it is entitled to allege violations of FDA rules to show that Barillas LLC's mark should be cancelled based on illegality. *See, e.g., Donovan v. Bishop*, No. 1:09-cv-275-WTL-TAB, 2010 WL 4062370, *3-4 (S.D. Ind. Oct. 14, 2010); *CreAgri, Inc. v. USANA Health Sciences, Inc.*, 474 F.3d 626 (9th Cir. 2007). While the Court expresses no opinion on the sufficiency of a claim based on such "illegality," Defendants' arguments do not address this point, as they are premised on a mis-reading of Count XII as seeking to assert a private right of action reserved to the federal government. Accordingly, Defendants fail to persuade that Count XII does not state a claim for relief.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss **[ECF Nos. 19 and 20]** are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of July, 2011.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record