UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11- 21792-CIV–ALTONAGA-Simonton

MENPER DISTRIBUTORS, INC.

      Plaintiff,

v.

GERMA PRODUCTS, INC., GERARDO
BARILLAS, BARILLAS HOLDINGS, LLC,
MAIDA E. CHAVECO, and JOHN DOES
ONE THROUGH FIVE,

      Defendants,

_____/

## DEFENDANTS' AMENDED ANSWER AFFIRMATIVE DEFENSES AND ORIGINAL COUNTER-CLAIM

Defendants, GERMA PRODUCTS, INC., GERARDO BARILLAS, BARILLAS

HOLDINGS, LLC, AND MAIDA E. CHAVECO ("Defendants"), by and through

their undersigned counsel and pursuant to the applicable rules of Federal Civil Procedure

hereby file their Answer and Affirmative Defenses to Plaintiff, MENPER

DISTRIBUTORS, INC. ("Plaintiff") Complaint, and hereby state the following:

(**Any paragraphs of Plaintiff's Complaint not specifically admitted herein are hereby denied**)

1.    Defendants admit the allegations contained in paragraphs 3, 5, 6, 83.

2.    Defendants deny the allegations contained in paragraphs 1, 4, 8, 17, 18, 20, 22, 23, 24, 30, 31, 33, 35, 36, 38, 40, 42, 43, 45, 47, 48, 49, 51, 53, 54, 55, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 69, 71, 72, 73, 75, 76, 77, 78, 79, 81, 82, 88, 89, 90, 91, 92, 93, 97, 98, 103, 104, 109, 110, 111, 112, 115, 116, 121, 122, 127, 128, 141, 142, 143, 146, 147, 148, 152, 153, 154, 155, 157,

160, 162

3.     Defendants are without knowledge of the allegations contained in 2, 7, 9, 10, 11, 12, 13, 14, 15, 16, 19, 21, 25, 26, 27, 28, 29, 32, 34, 37, 39, 41, 44, 46, 50, 52, 56, 62, 68, 70, 74, 80, 84, 85, 86, 87, 94, 95, 96, 99, 100, 101, 102, 105, 106, 107, 108, 113, 114, 117, 118, 119, 120, 123, 124, 125, 126, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 144, 145, 149, 150, 151, 156, 158, 159, 161, 163 (A-T) of Plaintiff's complaint; therefore, those paragraphs are denied herein and strict proof thereof is hereby demanded.

## AFFIRMATIVE DEFENSES

4.     Plaintiff is not entitled to the relief requested in its complaint due to the doctrines of laches, waiver, abandonment, estoppel, and/or acquiescence.

5.     Plaintiff is not entitled to any damages pursuant to the doctrine of unclean hands.

6.     Plaintiff is not entitled to any damages, or only a nominal amount at most, if liability is ultimately established, for any claimed acts alleged by the Plaintiff, because any such damages would be purely speculative in nature or with any degree of certainty, such that no compensatory damages may be awarded to Plaintiff.

7.     Plaintiff is not entitled to any damages for alleged copyright infringement because Plaintiff has failed to properly register its copyright claim with the United States Copyright Office and/or the certificate of registration was not made before or within five years after the first publication of the copyright and the facts in the certificate.

8.     Plaintiff is not entitled to any damages for alleged copyright infringement because the Plaintiff did not commence its civil action for infringement against the Defendants within three years after the claim accrued; therefore, the claim is untimely and the Plaintiff is barred from recovering damages that accrued more than three years before Plaintiff filed their complaint. 17 U.S.C. § 507 (b).

2

9.   With regard to Plaintiff's RABANO YODADO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO, there is no trademark or trade dress infringement.

10.   Plaintiff and Defendant Germa Products, Inc. have a valid Co-Existence Agreement, whereby Plaintiff's RABANO YODADO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO have co-existed in similar and/or identical markets for over five to six years.

11.   Plaintiff's RABANO YODADO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO have co-existed in similar and/or identical markets for over five to six years.

12.   Plaintiff knowingly sold its RABANO YODADO to Caribe Natural, LLC while Caribe Natural, LLC also sold Defendant's YODOTANICO 2 EN 1 RABANO IODADO and/or YODOTANICO 2 EN 1 CON RABANO.

13.   With regard to Plaintiff's DUPASQUIER JARABE IODO TANICO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO, there is no trademark or trade dress infringement.

14.   Plaintiff and Defendant Germa Products, Inc. have a valid Co-Existence Agreement, whereby Plaintiff's DUPASQUIER JARABE IODO TANICO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO have co-existed in similar and/or identical markets for over five to six years.

15.   Plaintiff's DUPASQUIER JARABE IODO TANICO and Defendant's YODOTANICO 2 EN 1 RABANO IODADO and YODOTANICO 2 EN 1 CON RABANO have co-existed in similar and/or identical markets for over five to six years.

3

16.     With regard to Plaintiff's POMADA DE LA VACA MASTITI and Defendant's UBRE MASTITI, there is no trademark or trade dress infringement.

17.     Plaintiff's POMADA DE LA VACA MASTITI and Defendant's UBRE MASTITI have co-existed in similar and/or identical markets for years.

18.     Defendant's UBRE MASTITI has been sold in commerce since 2004.

19.     Defendant's UBRE MASTITI mark with logo design originated from Defendant's family of cow trade dress, prior to Plaintiff's POMADA DE LA VACA MASTITI entering the market.

20.     With regard to Plaintiff's HIELO ARDIENTE and Defendant's ARTIC ICE GEL, there is no trademark or trade dress infringement.

21.     Plaintiff's HIELO ARDIENTE and Defendant's ARTIC ICE GEL have co-existed in similar and/or identical markets for years.

22.     With regard to Plaintiff's MALT EXTRACT and Defendant's EXTRACTO DE MALTA, there is no trademark or trade dress infringement.

23.     Plaintiff's MALT EXTRACT and Defendant's EXTRACTO DE MALTA have co-existed in similar and/or identical markets for years.

24.     Plaintiff's MALT EXTRACT was originally sold in a square bottle, and Plaintiff switched to its present bottle after Defendant brought to market its EXTRACTO DE MALTA.

25.     With regard to Plaintiff's MALTAGLOBIN B12 and Defendant Germa's EXTRACTO DE MALTA, there is no trademark or trade dress infringement.

4

26.     Plaintiff's MALTAGLOBIN B12 and Defendant Germa's EXTRACTO DE MALTA have co-existed in similar and/or identical markets for over seven to eight years.

27.     In addition, with regard to Plaintiff's IODADO and Defendant's IODINEX, no trademark or trade dress infringement.

28.     Plaintiff and Defendant Plaintiff's IODADO and Defendant's IODINEX have co-existed in similar and/or identical markets for over seven years.

29.     Plaintiff's Complaint fails, in whole or in part, to state a claim for which relief can be granted.

30.     Plaintiff has suffered no harm or irreparable harm or has failed to mitigate its damages.

31.     FDA violations pled by the Plaintiffs are inaccurate or simply inapplicable on the face of Plaintiff's Complaint.

For example, the following allegations from Plaintiff's Complaint are inaccurate or inapplicable:

- ¶ 163 (a) The correct statement of identity for this product would be either: "external analgesic;" "topical analgesic"; or "pain relieving (insert cream, gel, ointment, etc.)".

- ¶ 163 (d) This statement is not an accurate legal statement nor does it bear any relevance to the existing legal action or any possible future actions. Under the OTC Drug Review the FDA recognized numerous active ingredients that are safe and effective for use as an analgesic. Some active ingredients have been incorporated into a final regulation under Part 348 of title 21, while others have been included in the tentative final monographs for external analgesic products.

- ¶163 (g) There is no such regulation. 21 C.F.R. § 333.50 does not exist.

- ¶ 163 (i) The regulation cited is specific to an external analgesic intended for use as a male genital desensitizer, and the allegation misquotes the regulation. Moreover, this does not bear any relevance to the existing legal action or any possible future actions.

- ¶ 163 (j) Like in 163.I. the regulation cited is for male genital desensitizers and the regulation is misquoted.

- ¶ 163 (k) The Plaintiff is citing to the Federal Register notice instead of the regulation. A Federal Register notice does not impose any legal responsibilities.

- ¶ 163(L) There is no such regulation. 21 C.F.R. § 333.50 does not exist.

- ¶ 163 (M) There is no such regulation. 21 C.F.R. § 333.50 does not exist.

Defendant/Counter-Plaintiffs reserve the right to amend this Answer to assert any additional defenses arising from any applicable facts or law that may be revealed during discovery.

WHEREFORE, Defendants, GERMA PRODUCTS, INC., GERARDO BARILLAS, BARILLAS HOLDINGS, LLC, AND MAIDA E. CHAVECO respectfully request that a final judgment be entered in their favor and against Plaintiff, costs, and that they be awarded reasonable attorney's fees pursuant to 15 U.S.C. §§1125 et seq. and 1117 et seq., 501.204 et seq., and for all other relief that the Court deems just and equitable.

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11- 21792-CIV–ALTONAGA-Simonton

BARILLAS HOLDINGS, LLC. ("BARILLAS")
and GERMA PRODUCTS, INC. ("GERMA")

Counter-Plaintiffs

v.

MENPER DISTRIBUTORS, INC. ("MENPER"),
ALBERTO L. PEREZ, MARCOS A. PEREZ,
and RAMONA PEREZ.

Counter-Defendants

_____/

## DEFENDANTS' ORIGINAL COUNTER CLAIM FOR DAMAGES, TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND INJUNCTIVE RELIEF

BARILLAS HOLDINGS, LLC. ("BARILLAS") and GERMA PRODUCTS, INC. ("GERMA") counter sue MENPER DISTRIBUTORS, INC. ("MENPER"), ALBERTO L. PEREZ, MARCOS A. PEREZ, and RAMONA PEREZ, and aver as follows:

## NATURE OF ACTION

1.      This action arises from: (1) Counter-Defendants infringement of BARILLAS' registered trademark, and trade dress.  Counts I and II seek relief for trademark and tradedress infringement under sections 43(a) of the Lanham Act.  Count III seeks relief under Florida's Deceptive and Unfair Trade Practices Act. Count IV seeks relief under the common law of unfair competition.

2.      BARILLAS is a Florida corporation with offices in Miami-Dade County.

3.      BARILLAS is the owner of US trademark registration No. 3215203.

7

4.      GERMA is a Florida corporation with offices in Miami-Dade County and has a license from BARILLAS to engage in interstate and international commerce products under the US trademark registration No. 3215203.

5.      MENPER is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

6.      Upon information and belief, Counter-Defendant ALBERTO L. PEREZ is an individual who is sui juris, a resident of Miami-Dade County, and the owner or a principal shareholder or manager of MENPER.

7.      Upon information and belief, Counter-Defendant MARCOS A. PEREZ is an individual who is sui juris, a resident of Miami-Dade County, and the owner or a principal shareholder or manager of MENPER.

8.      Upon information and belief, Counter-Defendant RAMONA PEREZ is an individual who is sui juris, a resident of Miami-Dade County, and the owner or a principal shareholder or manager of MENPER.

9.      Upon information and belief, Counter-Defendants ALBERTO L. PEREZ, MARCOS A. PEREZ, and RAMONA PEREZ are individuals who are sui juris, residents of Miami-Dade County, and directors, principals, or main actors in MENPER.

10.     Upon information and belief, Counter-Defendants ALBERTO L. PEREZ, MARCOS A. PEREZ, and RAMONA PEREZ have actively partaken in, lent aid to, or ratified and adopted the infringing actions complained of herein, and are therefore joint tortfeasors. These Counter-Defendants actively and knowingly caused infringement such that they were a moving, active, conscious force. Further, these Counter-Defendants actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur.

8

## JURISDICTION

11.     This Court has Jurisdiction for all Counts in this action for the following reasons:

12.     Jurisdiction for the Lanham Act Counts is conferred upon this Court pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121.

13.     Jurisdiction over the State of Florida common law and statutory counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claim and to the state causes of action.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the unfair competition claims, which are joined with the federal trademark claims.

15.     Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action alleged herein.

16.     The causes of action against the Counter-Defendants arise from the doing of the following acts:

(i)     Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state;

(ii)    Committing a tortious act within this state;

(iii)   Engaging in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, whether or not the claim arises from the activity.

## VENUE

17.     Venue lies in this judicial district pursuant to 28 U.S.C § 1391 because:

(i)     The claims arise in the Southern District of Florida under 28 U.S.C.§§ 1391(b)(2) and 1391(c); and

(ii)    Counter-Defendants are doing business in the Southern District of Florida.

## GENERAL ALLEGATIONS

18.     Counter-Plaintiffs are engaged in interstate and international commerce products under the US trademark registration No. 3215203.  Counter-Defendants are engaged in the same business and compete with Counter-Plaintiffs.

19.     Counter-Defendants are manufacturing, marketing and selling a product designed to compete specifically and directly with the Counter-Plaintiffs' product under the US trademark registration No. 3215203, violating the trademark and trade dress of BARILLAS.

20.     Counter-Defendants' acts of trademark infringement, trade dress infringement, unfair competition, and unfair and deceptive trade practices have been willful and with full knowledge of Counter-Plaintiffs' superior rights.

21.     GERMA has sent demands to MENPER to cease and desist using a particular trademark and tradedress in connection with the sales of a product called BALSAMO DE UBRE MASCURA and the use of the word UBRE, claiming superior rights under prior use and the US trademark registration No. 3215203 of the trademark MANTECA UBRE PLUS.

22.     Counter-Defendants have failed to cease use of their sales of their product called BALSAMO DE UBRE MASCURA.

23.     Counter Plaintiffs have expended substantial sums of money to develop and promote their product having US trademark registration No. 3215203 of the trademark MANTECA UBRE PLUS.

10

24.     Counter Plaintiffs' product having US trademark registration No. 3215203 of the trademark MANTECA UBRE PLUS is widely marketed and sold.

25.     On December 22, 2005, BARRILAS applied for registration of its trademark MANTECA UBRE PLUS at the United States Patent and Trademark Office.

26.     On March 6, 2007, the USPTO granted BARRILAS a registration in the Principal Register for MANTECA UBRE PLUS for topical analgesic preparations for the treatment of muscular aches and pains in International Class 005, having US trademark registration No. 3215203.

27.     US trademark registration No. 3215203 is a valid registration.

28.     Counter-Plaintiffs continue to use the MANTECA UBRE PLUS mark in commerce and have never abandoned it.

29.     Counter-Plaintiffs' adoption and use of the MANTECA UBRE PLUS mark and tradedress is prior and superior to Counter-Defendants'.

30.     Counter-Defendants have infringed BARRILAS' registered mark MANTECA UBRE PLUS by manufacturing, marketing and selling products bearing the designations BALSAMO DE UBRE MASCURA.

## THE MANTECA UBRE PLUS TRADEDRESS

31.     Since at least the year 2004, Counter-Plaintiffs have expended substantial sums of money to develop and promote their MANTECA UBRE PLUS topical analgesic preparations for the treatment of muscular aches and pains.

32.     Since at least the year 2004, GERMA manufactures, markets and sells its MANTECA UBRE PLUS topical analgesic preparations for the treatment of muscular aches and pains in three ounce cans bearing the registered trademark MANTECA UBRE

11

PLUS, and a rendering of a cow on a background consisting of a yellow circle and circular brown perimeter circles.

33.     Counter-Defendants manufacture, market and sell their BALSAMO DE UBRE MASCURA topical analgesic preparations for the treatment of muscular aches and pains in three ounce cans bearing the trademark BALSAMO DE UBRE MASCURA, and a rendering of a cow on a background consisting of a yellow circle and circular brown perimeter circles.

34.     The Spanish word "MANTECA" translates to "fat" in English. The Spanish word "UBRE" translates to "udder" in English.

35.     Below are pictures of the competing tradedresses, with Counter-Defendants' on the left, and Counter-Plaintiffs' on the right.



## COUNT I - VIOLATION OF SECTION 43(a) THE LANHAM ACT ("MANTECA UBRE PLUS" TRADEMARK INFRINGEMENT)

### (Against all Counter-Defendants)

36. Counter-Plaintiffs reaver paragraphs 1 through 35, and further aver:

37. BARILLAS is the owner of United States Trademark Registration No. 3215203 for MANTECA UBRE PLUS registered in the Principal Register on March 6, 2007, topical analgesic preparations for the treatment of muscular aches and pains in International Class 005 as Exhibit 1. This registration is now valid, subsisting, uncancelled, and unrevoked.

38. Continuously since on or about 2004, Counter-Plaintiffs have used the MANTECA UBRE PLUS trademark in connection with and to identify its topical analgesic preparations for the treatment of muscular aches and pains and to distinguish said product from other products offered by other companies, by, and without limitation, prominently displaying said trademark on the labels, boxes, and other packaging of the products and advertising and promotional materials distributed.

39. Counter-Defendants have infringed BARILLAS' trademark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising "topical analgesic" under the name BALSAMO DE UBRE MASCURA (the "Infringing Mark)" of a type virtually identical to the type of products offered by GERMA, prominently displaying, advertising, and promoting dietary supplements under the Infringing Mark.

40. Counter-Defendants' use of the Infringing Mark in connection with topical analgesic is without permission or authority of Counter-Plaintiffs and said use is likely to cause confusion, to cause mistake and/or to deceive.

41. Counter-Defendants' use of the Infringing Mark in connection with topical analgesic has been made notwithstanding Counter-Plaintiffs' well-known and prior

established rights in the trademark and with both actual and constructive notice of BARRILAS' federal registration rights under 15 U.S.C. § 1072.

42.     Counter-Defendants' use of the Infringing Mark has been willful and in bad faith.

43.     Counter-Defendants' use of the BALSAMO DE UBRE MASCURA trademark constitutes trademark counterfeiting as defined in 15 U.S.C. 1116(d).

44.     Upon information and belief, Counter-Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Counter-Plaintiffs' businesses, reputation and good will in its federally registered trademark.

45.     Counter-Plaintiffs have no adequate remedy at law.

## COUNT II - ACTION FOR DECLARATORY JUDGMENT OF INFRINGEMENT
### (Against all Counter-Defendants)

46.     Counter-Plaintiffs reaver paragraphs 1 through 45, and further aver:

47.     Counter-Plaintiffs seek a declaration of infringement for Counter-Defendants' use of the BALSAMO DE UBRE MASCURA trademark in commerce.

## COUNT III - VIOLATION OF FLORIDA
## DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Against all Counter-Defendants)

48.     Counter-Plaintiffs reaver Paragraphs 1 through 47 above, and further aver:

49.     This is an action for damages and declaratory and injunctive relief under the Florida Deceptive and Unfair Trade Practices Act, Section 501.204 et seq. of the Florida Statutes.

50.     Counter-Defendants have used unfair methods of competition and engaged in

14

unfair and deceptive acts in trade or commerce by capitalizing upon Counter-Plaintiffs' trademark and tradedress to promote Counter-Defendants' products and services in their marketing and sales and thereby violated the Florida Deceptive and Unfair Trade Practices Act.

51. Among other things, Counter-Defendants' business practices have created deception, confusion or mistake on the part of the public.

52. As a consequence of Counter-Defendants' actions, Counter-Plaintiffs have been aggrieved.

53. Counter-Defendants ALBERTO L. PEREZ, MARCOS A. PEREZ, and RAMONA PEREZ are liable for MENPER's acts under principles of respondent superior.

## COUNT IV - UNFAIR COMPETITION
### (Against all Counter-Defendants)

54. Counter-Plaintiffs reaver Paragraphs 1 through 53 above, and further aver:

55. This is a common law unfair competition action for damages and injunctive relief.

56. Counter-Plaintiffs are the prior user of the trademark and tradedress listed above.

57. Counter-Plaintiffs' trademark MANTECA UBRE PLUS and tradedress is inherently distinctive or has acquired secondary meaning.

58. Counter-Defendants are using a confusingly similar trademark and tradedress to identify a similar good marketed by GERMA in competition with GERMA in the same trade area where GERMA has established good will.

59. As a result of Counter-Defendants' actions, costumer confusion is likely as to the

15

source or sponsorship of Counter-Defendants' goods.

WHEREFORE, Counter-Plaintiffs demand judgment against Counter-Defendants as follows:

(A)    A declaration of infringement of BARILLAS's trademark and tradedress as set forth herein.

(B)    That Counter-Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

(1)    Using the designations BALSAMO DE UBRE MASCURA or any other designation similar to BARILLAS' trademark;

(2)    Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Counter-Defendants are sponsored by, authorized by or are in any way associated with Counter-Plaintiffs;

(3)    Using the accused tradedresses or any other tradedress likely to cause confusion, to cause mistake, or to deceive;

(4)    Unfairly competing with Counter-Plaintiffs;

(5)    Falsely representing that Counter-Defendants are associated with or sponsored by Counter-Plaintiffs or engaging in any act which is likely to cause the trade or purchasing public to believe that Counter-Defendants are in any way associated with or sponsored by Counter-Plaintiffs; and

(C)    That Counter-Defendants be required to account to Counter-Plaintiffs for any profits derived by them and for damages sustained by Counter-Plaintiffs by reason of the

16

acts of trademark infringement, tradedress infringement, unfair competition and copyright infringement complained of herein.

(D)     That judgment be entered against Counter-Defendants for

(1)     Three times the greater of profits or damages pursuant to 15 U.S.C. 1117(b), or enhanced damages and Counter-Defendants' profits pursuant to the Lanham Act for their willful infringement of BARRILLAS' mark; and

(2)     That Counter-Defendants be required to pay to Counter-Plaintiffs the costs of this action and reasonable attorneys' fees.

(3)     That infringing articles or products be impounded and destroyed.

(E)     That this Court grant to Counter-Plaintiffs any further relief deemed equitable and just.

Dated: August 5, 2011

Respectfully submitted,

Attorneys for Defendants
Albert Bordas, P.A.
5975 Sunset Drive
Suite 607
Miami, FL 33143
Tel. (305)669-9848
Fax. (305)669-9851
Albert@bordasiplaw.com

By:     s/ Albert Bordas
        **Albert Bordas**
        **FBN: 330220**

17

Leonardo G. Renaud, PA
8105 N.W. 155 St.
Miami Lakes, FL 33016
Tel. (305) 818-9993
Fax. (305)818-9997
LeonardoRenaud@aol.com

By:     s/Leonardo G. Renaud
        **Leonardo G. Renaud**
        **FBN: 958603**

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**Rick Ruz, Esq.**
Cruz & Ruz, PLLC
1560 Lenox
Suite 207
Miami Beach, FL 33139
rickruz@lexarian.com
Florida Bar No. 42090

&

**Amaury Cruz, Esq.**
Florida Bar No. 898244

By:     s/ Leonardo G. Renaud
        **FBN: 958603**